**Samba Mamadou SYLLA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4191.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2004.

Ronald S. Salomon, New York, NY, for Petitioner.

Efthimia S. Pilitsis, Terri J. Scadron, Washington, DC, for Respondent.

Before: DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.[*]

### ORDER

Samba Mamadou Sylla is a native and citizen of Mauritania who entered this country illegally in 1996. He later con-ceded removability and applied for asylum and the withholding of removal. An immigration judge ("IJ") held a hearing, at which Sylla testified that he had been persecuted in Mauritania because his brother was active in a political movement called FLAM. Sylla alleged that he had been arrested and mercurated on three occasions between 1986 and 1988, that he had been beaten by a group of White Moors in 1989, and that his brother had been killed by White Moors in the spring of 1989. The IJ found that this testimony was not fully credible and denied the applications for asylum and the withholding of removal.

The Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision on September 25, 2002, and Sylla now petitions this court for judicial review. The parties have waived oral argument, and the panel unanimously agrees that it is not needed here. Fed. R.App. P. 34(a).

Sylla's asylum application is also treated as an application for the withholding of removal. even though the burden of proving eligibility for asylum is less onerous. *See Mikhailevitch v. INS,* 146 F.3d 384, 391 (6th Cir.1998). To obtain asylum. Sylla must show that he is a refugee and that his application merits relief as a matter of administrative discretion. *See id.* at 389. A refugee is "an alien who is unable or unwilling to return to his home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (citations and internal quotation marks omitted) (quoting *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Judicial review may be granted only if the evidence compels a

---

[*] The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

finding that Sylla has the requisite fear of persecution. *See Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001). Thus, we must uphold the BIA's decision if it is supported by substantial, reasonable, and probative evidence, even if we might have decided the case differently. *See id.*

■ Sylla argues that his past persecution creates a presumption that he has a well-founded fear of persecution in the future. However, the IJ found that his allegations of past persecution were not fully credible. Among other things, the IJ noted that Sylla's asylum application had indicated that he was beaten "with his wife" by a group of White Moors and that Sylla later testified that his wife was not with him at that time. Sylla's application also indicated that he had been arrested for organizing strikes, setting meetings and distributing FLAM leaflets. However, his testimony indicates that he did not help his brother with any activities having to do with FLAM and that he did not know what they were doing. These inconsistencies involve matters that are central to the merits of Sylla's claim. Thus, substantial evidence supports the IJ's finding that his testimony was not fully credible *See Chebchoub v. INS*, 257 F.3d 1038, 1043–45 (9th Cir.2001).

■ The IJ also found that Sylla would not have had a persuasive claim even if his allegations had been credible. In this regard, we note that Sylla's testimony indicates that his arrests were primarily based on his brother's political activities and that his brother has been dead for more than thirteen years. In summary, Sylla has not presented compelling evidence to support his asylum claim. *See Koliada*, 259 F.3d at 488; *Chebchoub*, 257 F.3d at 1045. As he has not established eligibility for asylum, he is unable to meet the more rigorous standard required for the withholding of removal. *See Koliada*, 259 F.3d at 489.

Accordingly, the petition for judicial review of the BIA's decision is denied.